414 F.Supp. 40 (1976)
DAIRYLAND POWER COOPERATIVE, a corporation, and United Barge Company, Plaintiffs,
v.
FEDERAL BARGE LINES, INC. and the M/V AMERICA, her furniture, tackle, gear, etc., Defendants.
No. 74-508 A (3).
United States District Court, E. D. Missouri, E. D.
May 14, 1976.
*41 Joseph M. Kortenhof, St. Louis, Mo., for plaintiffs.
Michael D. O'Keefe, of Thompson & Mitchell, St. Louis, Mo., for defendants.

MEMORANDUM
WANGELIN, District Judge.
This matter is before the Court after a trial by the Court pursuant to the Admiralty jurisdiction of the Court. The Court being fully advised of the premises hereby makes the following findings of fact and conclusions of law.

Findings of Fact
1. Plaintiff Dairyland Power Cooperative is a corporation and at all times relevant was the owner of a barge denominated as DP-210.
2. Plaintiff United Barge Company is a corporation and at all times herein relevant was the charterer and owner "pro hac vice" of the barge DP-210.
3. Defendant Federal Barge Lines, Inc. is a corporation and at all times herein relevant was the owner and operator of the M/V America.
4. The M/V America is a diesel towboat used for pushing barges on the Mississippi River system.
5. On September 1, 1972, the M/V America had departed St. Louis, Missouri, and was down-bound on the Mississippi River with twenty two (22) loaded barges in tow. The tow was in a five long and four wide configuration with the extra two barges on the port stern and the second to port stern string. Barge DP-210 was the starboard stern barge in the tow.
6. While in the vicinity of mile 5.9 of the upper Mississippi River, the tow of the M/V America ran aground on an unknown and unmarked obstruction extending into the navigable channel of the Mississippi River.
7. The unknown and unmarked obstruction upon which the M/V America ran aground was a bluff reef which had extended out into the channel and was not marked with a buoy or other navigational marker.
8. Upon the initial impact of the starboard lead barge, the M/V America topped around and struck the Illinois shore. Eleven other barges in the tow were damaged in the occurrence.
9. Captain Gordon Brumley was the pilot on watch on the M/V America at the time of the grounding. Captain Brumley has been licensed by the United States Coast Guard since 1937 as a pilot and since 1941 as a captain. Captain Brumley has worked exclusively as a river pilot or master since 1937. His primary area of operations has been the Mississippi River between St. Louis and New Orleans.
10. The evidence adduced at trial shows that Captain Brumley was extremely knowledgeable about the area in which the grounding took place, approximately mile 5.9 of the upper Mississippi River in the area of the Eliza Point Light, and had travelled in this area as a master or pilot numerous times.
11. In the immediate area of the grounding there were two buoys, one above the point of the accident and one below.
12. At all times relevant to this lawsuit the evidence established that Captain Brumley had the tow of which barge DP-210 was a part, at least seventy-five feet channelward of these buoys and was well within the channel when the tow grounded upon the bluff reef.
13. It was the testimony of Captain Brumley that the accident and grounding occurred because a bluff reef had washed out into the channel sixty five to seventy five feet and was unknown and unmarked, and an obstruction to navigation in the channel.
14. In an attempt to disprove that Captain Brumley was not operating the M/V America and its tow within the navigable *42 channel, the plaintiff offered two "Coast Guard Notices to Mariners" which were dated subsequent to the grounding in question.
15. The above described Coast Guard documents were denominated by the plaintiff as "sailing instructions".
16. The Court finds that these documents are merely advisory in nature and are not intended to supplant the good judgment of a river pilot.
17. In addition to the Coast Guard documents, the plaintiff offered the testimony of Captain Ralph Clark as an expert in navigation. The Court finds Captain Clark's testimony highly credible but not totally persuasive. It was the opinion of Captain Clark that the tow of the M/V America should have been substantially closer to the Illinois shore, and that Captain Brumley was not operating the tow within the navigable channel of the River when the grounding occurred.
18. The Court notes that Captain Brumley was the officer in charge at the time of the grounding, and gave persuasive reasons for his navigating via the buoys and not according to the Coast Guard documents discussed above. It was the opinion of Captain Brumley that had he followed a line closer to the Illinois shore that his tow would have been in danger from eddys due to a rip-rap bank along the Illinois shore, and that the tow would not have been able to negotiate the bend of the River at mile 5.9.
19. The statements of Captain Brumley regarding the eddys along the Illinois shore, coupled with his statements as to the following of the black can buoys, indicates to the Court that Captain Brumley's testimony is more credible than any evidence placed before the Court by the plaintiff.
20. It is clear to the Court, sitting as the finder of fact, that at all times relevant to this lawsuit the M/V America and its tow of which Barge DP-210 was a part, were well within the navigable channel of the Mississippi River at mile 5.9.
21. The Court finds that the grounding upon which this lawsuit is based, was due to an unmarked and unknown navigational obstruction, namely a bluff reef which had washed out from the Missouri shore and was not marked by any buoy or other navigational aid.
22. The Court further finds that the damage to Barge DP-210 was not due to any negligence on the part of the defendants or their agents.

Conclusions of Law
This Court has jurisdiction of the parties and the subject matter of this suit pursuant to 28 U.S.C. § 1333.
Under the holding of Mid-America Tr. Co., Inc. v. National M. Srv. Inc., 497 F.2d 776 (8th Cir., 1974), it is the duty of a tug to come forward with proof to establish that the tug was in the channel and did not hit a known obstruction therein. The Mid-America holding does not shift the burden of proof to the tug from the tow, but merely requires that the tug put forth a satisfactory explanation for the damage. 497 F.2d at 779-780.
As was stated in the findings of fact, the Court is of the opinion after hearing all the evidence that the plaintiff has not carried its burden of proof to show negligence on the part of the defendants. It is clear from the evidence adduced at trial that at all times the M/V America and the tow of which Barge DP-210 was a part were clearly within the navigable channel of the Mississippi River, and did not hit a known navigational obstruction, but rather hit and grounded upon a bluff reef which had developed and stood out from shore into the navigable channel.
With the facts indicating that the defendant was not negligent, judgment must be entered against the plaintiff.